**Jeffrey JAMISON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 80537.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 8, 2002.

Scott Thompson, Assistant Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Joel A. Block, Asst. Attorney General, Jefferson City, MO, for respondent.

Before PAUL J. SIMON, P.J. and GARY M. GAERTNER, SR. and KATHIANNE KNAUP CRANE, JJ.

### ORDER

PER CURIAM.

Jeffrey Jamison (movant) appeals the judgment denying his Rule 29.15 motion for post-conviction relief.

On appeal, movant contends the motion court erred when it denied his amended post-conviction motion without an evidentiary hearing, because his trial counsel was ineffective for: (1) failing to investigate and produce the testimony of Dorian Perry, a material witnesses who could have testified that movant did not commit the murders; and (2) thwarting movant's efforts to testify in his own behalf. We affirm.

Following a jury trial, Movant was convicted of two counts of first degree murder, Section 565.020 RSMo 2000 (all further references herein shall be to RSMo 2000 unless otherwise indicated), and two counts of armed criminal action, Section 571.015. Movant was sentenced to consecutive sentences of life imprisonment without parole for his murder convictions and concurrent terms of life imprisonment for his armed criminal action convictions. We affirmed the convictions on appeal in a summary order. *See State v. Jamison,* 34 S.W.3d 212 (Mo.App. E.D.2000).

Movant timely filed a pro se Rule 29.15 motion to vacate, set aside, or correct the judgment or sentence. After counsel was appointed to represent movant, the amended motion for post-conviction relief was timely filed.

The motion court denied movant's motion without an evidentiary hearing, and in its conclusions of law and order found it

was apparent from the record that: (1) movant's trial counsel was not ineffective for failing to make further attempts to obtain the testimony at trial of Dorian Perry, because the information available to her consistently indicated that Perry would not have been able to provide a defense for movant; (2) the decision whether to testify was made by movant, and the advice of trial counsel not to testify in order to prevent disclosure of a prior conviction was a matter of trial strategy and was not ineffective assistance of counsel; and (3) movant failed to allege facts which, if true, would entitle him to relief.

Our review of the record on appeal reveals that the trial court's determination is not clearly erroneous. Rule 29.15(k). An extended opinion reciting detailed facts and restating principles of law would have no precedential or jurisprudential value. We affirm the judgment pursuant to Rule 84.16(b).